UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DUX INTERIORS, INC.,

                        Plaintiff,                    06 Civ. 8145 (PKC)

           -against-                  MEMORANDUM
                                             AND
KEVIN DYEVICH, COMFORT DIRECT,        ORDER
INC., and SAT BEDS,

                        Defendants.
-------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiff alleges that defendants have wrongfully used plaintiff's registered

trademarks in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d),

the Lanham Trade-Mark Act, 15 U.S.C. § 1125(d)(1)(A), New York General Business Law §§ 349-

350, and have engaged in common-law fraud.

          Defendants Kevin Dyevich and SAT Beds move to dismiss the complaint for lack of

personal jurisdiction.  Mr. Dyevich proceeds pro se.  SAT Beds is not a separate entity but merely

the name in which Dyevich conducts business.  I will treat the motion as having been made pursuant

to Rule 12(b)(2).

          Plaintiff has cross-moved for the imposition of sanctions against defendants in the

form of the entry of a default judgment against Dyevich, SAT Beds and Comfort Direct, Inc.

("Comfort Direct").  Plaintiff also renews its previous motion for a default judgment against

Comfort Direct, which has served neither an answer nor motion to dismiss.

BACKGROUND

          The Summons and Complaint, as well as the Amended Complaint, were served on

Dyevich and SAT Beds on October 12, 2006.  (Doc. Nos. 4, 6, 11, 13.)  When neither defendant

timely responded, plaintiff sought entry of a default judgment.  (Doc. Nos. 14, 17.)  On November 27, 2006, I adjourned the initial conference from December 1, 2006 to January 4, 2007 at 11:45 a.m. (Doc. No. 15.)  Mr. Dyevich wrote to the Court on December 8 indicating that he had appeared on December 1.  I advised him of the January 4 conference and to consider retaining a lawyer.  (Doc. No. 16.)

On January 4, 2007, Mr. Dyevich appeared before me.  (January 4, 2007, Tr. at 3, 6.) Dyevich raised the issue of personal jurisdiction and, after hearing the parties, I gave the plaintiff a limited time period to conduct jurisdictional discovery and set a date for defendants to file their motion to dismiss.  (Id. at 5.)  When neither an answer nor a motion was filed by any defendant by the date set by the Court, plaintiff renewed its motion for entry of a default judgment against Dyevich, SAT Beds and Comfort Direct.

In an Order dated March 6, 2007, I directed Dyevich to appear for his deposition at a date, time and place designated by plaintiff in Dyevich's home state, New Jersey.  (Doc. No. 21.)  In view of his pro se status, I extended his time to answer or move to April 18, 2007.

Comfort Direct was served with the Summons and Complaint, as well as the Amended Complaint, on October 12, 2006.  (Doc. No. 5, 12.)  It has never answered, moved or otherwise appeared in this action.  On January 4, 2007, I made it plain to Mr. Dyevich that Comfort Direct, Inc. must appear by an attorney admitted to practice before this Court and extended its time to answer or otherwise respond until January 19, 2007, which was subsequently extended to February 2, 2007.  A response to the complaint was never filed.  On March 6, 2006, I denied plaintiff's motion to hold Comfort Direct in default without prejudice to renewal upon a showing of personal jurisdiction over the entity in New York.  (Doc. No. 21.)

Facts Supporting Personal Jurisdiction

The evidence demonstrates that defendants sell mattresses through telemarketing and website promotion; customers place their orders through a toll free telephone number that is found on the website.  (Dep. Tr. 84.)  Dyevich is the president and a shareholder of Comfort Direct and formed the corporation.  (Dep. Tr. 25, 46.)  Dyevich and Comfort Direct operate out of 195 Livingston Avenue, New Brunswick, New Jersey, and now SAT Beds operates out of the same address.  (Dep. Tr. 29-30, 55.)  The same or nearly the same mattresses were sold by Comfort Direct and SAT Beds.  (Dep. Tr. 31, 56.)  Comfort Direct, Inc. and SAT Beds utilize the same 1-800 number.  (Dep. Tr. 84-86.)  As of the date of Dyevich's deposition, if one were to type "www.comfortdirect.com" as an internet address, the person would be taken to the satbed.com website.  (Dep. Tr. 34.)

The mattresses sold by Dyevich, SAT Beds and Comfort Direct are manufactured and/or stored by an entity called "WCW" in Hoosick Falls, New York.  When an order is received, an employee in New Brunswick, New Jersey, faxes the order to WCW in Hoosick Falls.  (Dep. Tr. 91-92.)  Approximately ten such faxes are sent to Hoosick Falls per day, corresponding to approximately ten mattress sales per day.  (Dep. Tr. 92.)  If the customer pays by check, then the check is mailed to Hoosick Falls.  (Dep. Tr. 92.)  The mattresses are shipped from Hoosick Falls to customers wherever they are located.  The SAT Beds website lists its "International Sales Headquarters" as "The SAT Bed Company, Hoosick Falls, New York."  (Schatz Decl. Ex. E.)  There are substantial sales to customers in New York, among other states, as demonstrated by testimonials listed on the SAT Beds website.  (Schatz Decl. Ex. G.)

DISCUSSION

The Federal Rules of Civil Procedure authorize the exercise of personal jurisdiction in federal court over any defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located . . . ."  Rule 4(k)(1)(A), Fed. R. Civ. P. If plaintiff is able to establish a factual predicate for jurisdiction under the laws of the forum state— here, New York—the Court must then consider whether the exercise of jurisdiction violates due process.  See Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 94 (2000).

Long-Arm Jurisdicition

Plaintiff asserts that this court may exercise jurisdiction over defendants under N.Y. C.P.L.R. ("CPLR") §§ 302(a)(1) and 302(a)(3)(ii).  Section 302(a)(1) permits a court to exercise jurisdiction over a foreign defendant where a cause of action arises from any act enumerated in the statute, including where a defendant "in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state. . . ."  CPLR § 302(a)(1).  To maintain personal jurisdiction under this provision, the defendant must transact business in New York and the claims against the defendant must arise out of the underlying business activity.  See Agency Rent A Car Sys. Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996).  "[P]laintiff must establish the court's jurisdiction with respect to each claim asserted."  Sunward Elecs., Inc. v. McDonald  362 F.3d 17, 24 (2d Cir. 2004).

"New York courts define 'transact[ing] business' as purposeful activity—'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'"  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 (1967)) (alteration in Best Van Lines).  "[O]ne transaction in New York is sufficient to invoke

jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988).

A claim arises from a particular transaction when there is an "articulable nexus" or a "substantial relationship" between the transacted business and the cause of action on which suit is brought. Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998); McGowan v. Smith, 52 N.Y.2d 268, 272 (1981); see generally Siverls-Dunham v. Lee, No. 05-Civ.7518(PKC), 2006 WL 3298964, *9 (S.D.N.Y. Nov. 13, 2006). "A connection that is merely coincidental is insufficient to support jurisdiction." Best Van Lines, 490 F.3d at 249 (internal quotation marks omitted).

Defendants in this case transact a substantial volume of business in New York. Defendants relay all sales solicited through website promotion—approximately ten per day—from New Jersey to Hoosick Falls, New York, where the mattresses are manufactured and shipped to customers. The SAT Beds website lists its "International Sales Headquarters" as "The SAT Bed Company, Hoosick Falls, New York." Defendants' website represents that several sales have been made to New York customers, and so defendants also have contracted to provide goods to New York. While the website itself is not interactive, the placement of an order requires the customer to call New Jersey from wherever the customer is located.

There is an "articulable nexus" between the claims in suit and the transaction of business in New York. With respect to the trademark-related claims (first, second, and sixth claims for relief), the sales of mattresses were promoted and solicited on defendants' website through the use of plaintiff's trademark. Plaintiff is a New York corporation with its principal place of business in New York. Sales solicited by use of the website and mark are consummated when customers call from wherever they are located, including New York, and defendants transmit order and shipping

information to WCW in New York.  The defendants' actions in New York were purposeful and there is a substantial relationship between the transaction of business in New York and the claims related to the unauthorized use of plaintiff's trademark.  <u>See</u> <u>generally</u> <u>Sun Elecs.</u>, 362 F.3d at 23 (affirming exercise of personal jurisdiction under CPLR § 302(a)(1) in a trademark action where defendants' infringing conduct occurred in Alabama, but where defendant had ongoing and substantial contractual relationship with plaintiff, a New York corporation with its principal place of business in New York); <u>Philip Morris USA Inc. v. Veles Ltd.</u>, No. 06 Civ. 2988(GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007).

    With respect to plaintiff's common-law fraud claim (third claim for relief), the alleged misrepresentations are made on the defendants' website and are designed to induce, and have induced, sales of mattresses to New York consumers.  The mattresses sold are manufactured and shipped from New York.  The allegedly fraudulent conduct is related to defendants' transaction of business in New York.

    Finally, the claims under New York General Business Law §§ 349-350 (fourth and fifth claims for relief) allege consumer-oriented fraud and false advertising.  The facts support the allegation that the website has deceived and defrauded New York consumers.  These consumers placed orders by calling defendants from New York, and their order information was transmitted to New York where the mattresses were manufactured and shipped.  These claims have an articulable nexus and bear a substantial relationship to the transaction of business in New York.

    At bottom, defendants' marketing and selling of mattresses is the conduct out of which plaintiff's claims arise.  Sales resulting from this marketing require defendants to transmit order information and payments to Hoosick Falls, New York.  Several of the sales have been made to customers in New York.  While plaintiff does not assert that defendants are "doing business" in

New York so as to be subject to general jurisdiction, defendants' business operations are such that it would be a close question as to whether general jurisdiction would lie.  As the Court is satisfied that the facts amply support the exercise of jurisdiction under CPLR § 302(a)(1), it is unnecessary to address whether CPLR § 302(a)(3) provides an alternative basis for jurisdiction.

Due Process

Due process "requires that a defendant have enough minimum contacts with the forum state so that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1110 (2d Cir. 1997) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Due process is satisfied if the defendants purposely and sufficiently availed themselves of the privileges of conducting business in New York, so that it would be reasonable to anticipate being subject to suit in New York. Id. at 1110-11.  The acts of holding oneself out as having "International Sales Headquarters" in New York, using a manufacturer and distributor in New York and selling to consumers in New York are purposeful acts availing the defendants of the privilege of doing business in New York; it would be reasonable for defendants to assume that they would be subject to suit in New York.

CONCLUSION

The motion to dismiss is DENIED.  Plaintiff's motion for sanctions is DENIED. Plaintiff's motion for a default judgment against Comfort Direct will be addressed in a separate order; however, as the facts supporting jurisdiction as to Mr. Dyevich and SAT Beds apply equally to Comfort Direct, the Court is satisfied that facts supporting jurisdiction as to that entity exist.

Kevin Dyevich, doing business as SAT Beds, is directed to answer the complaint by October 19, 2007.  All fact discovery in this action is to be completed by January 18, 2008.  The next conference is scheduled for January 25, 2008 at 10:00 a.m.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        September 26, 2007